UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DORIAN R. KELLY,

      Defendant.

**DECISION AND ORDER**

18-CR-00217-RJA-JJM

---

    May an individual facing federal criminal charges use marijuana for medical purposes, provided that such use is legal under state law? For the following reasons, the answer is no.

## DISCUSSION

    Defendant is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). Indictment [6].[1] On October 26, 2018, I ordered him to be released from custody subject to various conditions, including that he "shall not commit any offense in violation of federal, state or local law while on release", and that he "submit to any method of testing required by the pretrial services office for determining whether he is using a prohibited substance". Order Setting Conditions of Release [4], §§(1), (8)(s).

    On October 10, 2019, defendant provided the pretrial services office with a notice of his acceptance into the medical marijuana program at Dent Neurological Institute. That office has asked me whether he may participate in this program, and defendant has asked that I rescind his drug testing condition with respect to the use of marijuana for medical purposes.

---

[1]   Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

The Bail Reform Act provides that any defendant who is on pretrial release must "not commit a Federal, State, or local crime during the period of release". 18 U.S.C. §§ 3142(b), (c)(1)(A). "Compliance with federal law is a mandatory condition" of release. United States v. Arizaga, 2016 WL 7974826, *2 (S.D.N.Y. 2016). Although New York State has legalized, "for state law purposes, approved forms of medical marijuana dispensed and administered under certain, highly regulated conditions" (id.), "[t]he possession of marijuana [remains] illegal under federal law. See 21 U.S.C. §844(a). There is no federal exception for medical marijuana". Id.

While acknowledging that it "cannot eliminate the mandatory legal compliance condition", the court in Arizaga nevertheless directed its pretrial services department "not to charge a violation of Defendant's release conditions based solely on New York state-approved medical marijuana use or a drug-testing result consistent with New York state-approved medical marijuana usage". Id., *3. In doing so, the court invited disobedience of its release order, thereby "send[ing] the wrong message to recalcitrant parties . . . that defiance goes unpunished". Rosemond v. United Airlines, Inc., 2014 WL 4245974, *7 (E.D. Va. 2014). A court order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded", Coene v. 3M Co., 303 F.R.D. 32, 49 (W.D.N.Y. 2014), and "[i]f the courts do not take seriously their own . . . orders who will?". Arnold v. Krause, Inc., 232 F.R.D. 58, 66 (W.D.N.Y. 2004), adopted, 233 F.R.D. 126 (W.D.N.Y. 2005) (Arcara, J.).

Thus, in United States v. Pearlman, 2017 WL 7732811 (D. Conn. 2017), the court denied defendant's request to remove the drug testing condition of his pretrial release so that he could participate in a state-sanctioned medical marijuana program. The court reasoned that "even if [that] Condition were removed, defendant would be barred by Condition 1, which is mandatory and not waivable, from using marijuana while on pre-trial release. Accordingly, the

request made by defendant would not achieve the relief he seeks. The Court cannot, and will not, sanction the violation of federal law by a defendant on pre-trial release, even if state law and the weight of public opinion appear to contradict that federal law". Id., *8.

Congress may one day decide to legalize the possession of marijuana for medical (or other) purposes. However, it has yet to do so, and "where, as here, the statute's language is plain, the sole function of the courts is to enforce it according to its terms". United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989). *See also* Burwell v. Hobby Lobby Stores, Inc., 573 U.S. 682, 736 (2014) ("[t]he wisdom of Congress's judgment . . . is not our concern. Our responsibility is to enforce [the statute] as written").

## CONCLUSION

For these reasons, §§(1) and (8)(s) of my Order Setting Conditions of Release [4] remain in effect.

**SO ORDERED.**

Dated: December 9, 2019

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge