UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

===============================================

UNITED STATES OF AMERICA,

      v.                                                                                    **DECISION AND ORDER**
                                                                                              18-CR-217-A
DORIAN KELLY,

                                     Defendant.

===============================================

      The defendant, Dorian Kelly, is charged in a Superseding Indictment with being a

felon in possession of a firearm and with two drug-related offenses.  Dkt. No. 82.  The

case was referred to Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C.

§ 636(b)(1) for the conduct of pretrial proceedings.  It is before the Court upon the

parties' objections to two reports of recommended findings and conclusions of the

Magistrate Judge and upon defendant Kelly's appeal of disclosure orders of the

Magistrate Judge.

      First, on June 22, 2020, Magistrate Judge McCarthy filed a Report and

Recommendation, Dkt. No. 73, recommending that the Court grant defendant Kelly's

motion to suppress certain incriminating oral statements that he allegedly made to

police without having been given *Miranda*[1] warnings.  The United States objected to the

Report and Recommendation and asked the Court to re-open the suppression hearing

so that it could elicit testimony, primarily from a local prosecutor the United States

elected not to call to testify during the hearing conducted by the Magistrate Judge, to

attempt to clear up discrepancies in its witness' testimony.

---

[1]  *Miranda v. Arizona*, 384 U.S. 436 (1966).

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Crim. P. 59(b)(3), the Court reviews *de novo* the portions of a report and recommendation to which objections are raised.  Upon *de novo* review of the objections of United States to the Magistrate Judge's June 20, 2020 Report and Recommendation, it is hereby

**ORDERED** that the motion of defendant Kelly to suppress oral statements, Dkt. Nos. 39, 49, is granted.  The United States' presentation of evidence during the February 13, 2020 suppression hearing was confusing and insufficient to carry the United States' burden to prove that the defendant was given *Miranda* warnings and knowingly and voluntarily waived his *Miranda* rights on April 24, 2018 while seated at a dining room table after a search warrant had been executed at 215 Maple Street, Lower, Buffalo, New York.  And because the United States seems to the Court unlikely to clarify the circumstances of the defendant's alleged admissions with additional testimony, *see e.g.*, Dkt. No. 73, p. 12, the Court declines to exercise its discretion to re-open the suppression hearing.  The Court notes that the parties remain in agreement that an earlier oral statement or statements made by defendant Kelly in response to so-called pedigree questioning is not suppressed.  *See* Dkt. No. 76, pp. 8-9; Dkt. No. 86, p. 2.

Second, on November 3, 2020, Magistrate Judge McCarthy filed a Report, Recommendation and Order, Dkt. No. 97, recommending that defendant Kelly's motion to dismiss the Superseding Indictment for vindictive prosecution and for various additional disclosures, Dkt. No. 92, be denied.  The defendant objected to the recommendation and appealed the Magistrate Judge's orders denying several of his requests for additional information.

Upon *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Crim. P.

59(b)(3), of the Magistrate Judge's recommendation to deny defendant Kelly's motion to

dismiss for vindictive prosecution, it is hereby

**ORDERED** that the motion to dismiss is denied upon the grounds and for the

reasons stated by the Magistrate Judge.  *See* Dkt. No. 92, pp. 2-6.  The Court finds that

the defendant's argument that the United States acted vindictively by requesting that the

grand jury supersede the Indictment because the Magistrate Judge recommended that

the Court suppress his alleged incriminating oral statements is without merit.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59(a), the defendant's

appeals of the Magistrate Judge's denial of motions for disclosure of certain information,

Dkt. Nos. 23, 97, are reviewed under a clearly erroneous or contrary to law standard of

review.  The defendant repeatedly sought disclosure of an *in camera* record of

proceedings before a Buffalo City Court Judge who authorized the search warrant for

the premises at 215 Maple Street, Lower, based upon testimony of a confidential

informant, and the disclosure of the identity of the confidential informant.  Dkt. No. 92.

He also sought disclosure of grand jury transcripts, early production of *Jencks* Act

materials, 18 U.S.C. § 3500, and other various other information.  Dkt. Nos. 19, 28, 92.

After due consideration, it is hereby

**ORDERED** that the Court is unable to find that any of these nondispositive

orders of the Magistrate Judge were clearly erroneous or contrary to law.  In particular,

in light of the information that has been disclosed to defendant Kelly, the Court finds that

the defendant has not made a *prima facie* showing of materiality of either the *in camera*

record of proceedings before the City Court Judge who authorized the search warrant

3

for 215 Maple Street, Lower, or the confidential informant's identity.  None of the other rulings of the Magistrate Judge that the defendant has appealed, Dkt. Nos. 23, 97, were clearly erroneous or contrary to law, and those rulings are therefore all affirmed.  The Court reminds the United States of its continuing obligation to disclose *Brady*[2] material in time for its effective use at trial.  It is further

**ORDERED** that counsel for the parties shall appear to set a date for trial on May 14, 2021 at 12:00 p.m.  Counsel shall confer about their availability for trial before the status conference and be prepared to schedule a date for jury selection and trial when they appear.

**IT IS SO ORDERED.**

___s/Richard J. Arcara_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  May 13, 2021

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.